# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JANE LOWE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )  Case No.: 1:11-cv-02745-JEO |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

This case is before the court on Defendant the United States'[1] Motion to Dismiss or, in the Alternative, for Summary Judgment (doc. 4), filed September 7, 2011. Plaintiff filed her Response on December 16, 2011. (Doc. 12). Thus, the motion is properly under submission before the court. For the reasons explained below, Defendant's motion is due to be denied.

## I.  STANDARD OF REVIEW

Defendant has moved to dismiss this case pursuant to Rule 12(b)(1) of the FEDERAL RULES OF CIVIL PROCEDURE because it alleges that this court does not have subject matter jurisdiction over this matter. (Doc. 4). "[A] motion to dismiss for lack of subject matter jurisdiction ... can be based upon either a facial or factual challenge to the complaint."

---

[1] Plaintiff named Warden John T. Rathman in her Complaint. (Doc. 1-1). However, once the United States Attorney certified that Warden Rathman was acting in the scope of his employment (doc. 2) the United States was substituted as the party defendant. 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.").

*McElmurray v. Consolidated Government of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).  When a defendant is making a facial challenge to a complaint, the court accepts the allegations of the complaint as true and looks solely to those allegations to determine whether the court has subject matter jurisdiction.  *Id.*  "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matter outside the pleadings, such as testimony and affidavits are considered." *Id.* (Internal citations and quotation marks omitted).  Here, Defendant has raised a factual attack to whether this court has subject matter jurisdiction.  In addition to Plaintiff's Complaint and the exhibit attached thereto, Defendant has also submitted copies of the receipts Plaintiff submitted with her original claim (doc. 5-2) and the letter denying Plaintiff's claim (doc. 5-3).  Plaintiff did not submit any evidence in opposition. (Doc. 12).[2]

**I.     FACTS**

This case arises from Plaintiff's failed attempt to visit her husband who was incarcerated at the Federal Correctional Institutional in Talladega, Alabama.  (Doc. 1-1 at 1).  In response to the failed visit, Plaintiff filed an administrative tort claim seeking compensation for the money spent to make the trip from Florida to Alabama. (Doc. 1-1 at 5).  That claim was denied on December 23, 2010. (Doc. 5-3 at 3).  The denial letter contained the following language: "You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court." (*Id.*)  On June 17, 2011, Plaintiff filed suit in the Small

---

[2] Plaintiff was aware of her obligation to submit affidavits and/or documents to counter Defendant's evidentiary submission. (Doc. 6).

Claims Court of Talladega County seeking compensation in the amount of $1,757.70 for expenses related to her failed attempt to visit her husband. (Doc. 1-1 at 1).

Defendant removed this case to this court on August 1, 2011. (Doc. 1). On September 7, 2011, Defendant moved to dismiss, or alternatively for summary judgment, on the grounds that because Plaintiff did not file an action in the United States District Court within six months from the denial of her administrative claim, this court lacked subject matter jurisdiction. (Doc. 4). On that same day, the court entered an order notifying Plaintiff of the relevance of a motion for summary judgment and explaining the duties of the non-movant in responding to the motion. (Doc. 6). Additionally, that Order (doc. 6) established that Plaintiff had twenty-one (21) days to respond to the motion. On September 16, 2011, Plaintiff notified the Clerk of Court of a change in address and the Clerk mailed a copy of Document 6 to Plaintiff at her new address. Nevertheless, Plaintiff did not respond to Defendant's motion. However, on October 24, 2011, the Clerk of Court received notice from Plaintiff that she consented to the undersigned's jurisdiction. (Doc. 9). In order to give Plaintiff an additional opportunity to respond to Defendant's motion, the court entered an order stating that Plaintiff had until November 3, 2011 to respond. On October 31, 2011, Plaintiff filed a motion seeking an additional forty-five days to respond to the motion. (Doc. 10). The court granted Plaintiff's request for additional time and Plaintiff timely filed her response on December 16, 2011. (Doc. 12).

### III.   DISCUSSION

The United States is immune from suit unless it waives its immunity and consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981). "[T]he terms of the [United States'] consent to be sued in any court define that court's jurisdiction to

3

entertain the suit." *Id.* (internal citations and quotation marks omitted).  "It is well established that the [Federal Tort Claims Act ("FTCA")] is a specific waiver of the sovereign immunity of the United States and must be strictly construed. *See United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)." *Phillips v. United States*, 260 F.3d 1316, 1318 (11th 2001).  The FTCA provides that "[a] tort claim against the United States shall forever by barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial or the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Thus, in order for this court to have jurisdiction, Plaintiff must have presented her claim in writing to the appropriate Federal agency within two years of the claim accruing and Plaintiff must have commenced this action within six months after the date of mailing of the final denial of the claim.  There is no question that Plaintiff met the first requirement by filing a timely claim with the appropriate Federal agency. (*See* Doc. 5 at 6).  Thus, the issue before the court is whether Plaintiff met the second requirement of beginning an action within six months after the date of the mailing of the final denial letter.

Defendant argues that because Plaintiff did not file her lawsuit in the United States District Court within six months of the denial, that Plaintiff has not met the jurisdictional prerequisites under the FTCA.  While it is certainly true the denial letter stated that Plaintiff had six months to file suit in a United States District Court, section 2401 is silent with respect to which court an action must be brought in.  28 U.S.C. § 2401(b) ("[a] tort claim against the United States shall forever by barred unless ... action is begun within six months after the date of

4

mailing ... of notice of final denial."). Further, the procedures for filing a tort claim against the United States contemplate that plaintiffs may file suit in state courts. 28 U.S.C. § 2679© ("The Attorney General shall defendant any civil action or proceeding brought in *any court* against any employee of the Government.") (emphasis added); 28 U.S.C § 2679(d)(2) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment ... any civil action or proceeding commenced upon such claim in a State court shall be removed ... to the district court."). Thus, there is no support for Defendant's argument that suit must be brought in the United States District Court within six months for it to meet the jurisdictional requirements of § 2401.

In fact, two Circuit Courts of Appeals have reached the same conclusion when addressing a similar issue. *Staple v. United States*, 740 F.2d 766, 769-770 (9th Cir. 1984) ("The place of filing may be state court for the purpose of applying section 2401(b) to the certification and removal procedure of the Drivers Act." (footnote omitted)); *McGowan v. Williams*, 623 F.2d 1239, 1244 (7th Cir. 1980) ("We therefore find that an action brought against a federal driver in state court within the time limitation of 28 U.S.C. § 2401(b) is timely for purposes of the Federal Tort Claims Act when the action is removed to federal court pursuant to Section 2679.").[3] While decisions of the Seventh and Ninth Circuits are not binding upon this court, the reasoning of those courts is persuasive. Additionally, this court is not aware of any Eleventh Circuit or Supreme Court decisions that are contrary to the conclusion reached by the *Staple* and *McGowan*

---

[3] Both *Staple* and *McGowan* dealt with the Federal Drivers Act, which is a part of the Federal Tort Claims Act. Nevertheless, both cases are relevant to the case here because the provisions of the Federal Drivers Act that supported the courts' determinations that an action was timely when it was filed in state court within the time limits provided in § 2401 are in play in this case.

courts.[4]

Here, Plaintiff filed her case in small claims court on June 17, 2011, which is within six months of the date on the final denial letter, December 23, 2011. (Doc. 1-1 at 1; Doc. 5-3). Accordingly, this court has subject matter jurisdiction over the action.

IV.   **CONCLUSION**

Because this court has subject matter jurisdiction over this matter, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (doc. 4) is due to be denied. An order consistent with this Memorandum Opinion will be entered.

**DONE**, this 22nd day of December, 2011.

_____
**JOHN E. OTT**
United States Magistrate Judge

---

[4] The court has examined the Eleventh Circuit cases cited by the United States (*Phillips v. United States*, 260 F.3d 1316 (11th Cir. 2001) and *Schoff v. United States*, 245 F.3d 1266 (11th Cir. 2001)), but finds them distinguishable in that neither involved the filing of a case in state court within the statute of limitations.