# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JANE LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 1:11-cv-02745-JEO |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss for Failure to State a Claim or in the Alternative for Summary Judgment (doc. 27), filed November 9, 2012.[1] Plaintiff was provided with the appropriate notice concerning her responsibilities at summary judgment. (Doc. 28). Plaintiff filed her Response on December 6, 2012. (Docs. 30 and 31). The motion is properly under submission before the court. For the reasons explained below, Defendant's motion is due to be granted.

**I.    STANDARD OF REVIEW**

Defendant has moved to dismiss this case pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE because it argues that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. (Doc. 27). Alternatively, Defendant argues it is entitled to summary judgment on Plaintiff's claims. The court will treat the motion as one for summary judgment.

Summary judgment is appropriate when there is no genuine dispute as to any material fact

---

[1] The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. 636(c). (Doc. 9).

and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue (dispute) of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence that a genuine issue (dispute) of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in the light most favorable to the non-moving party. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1330 n.2 (11th Cir. 2013); *Hill v. Wal-Mart*, 510 F. App'x 810, 813 (11th Cir. 2013). The court may consider materials including depositions, documents, electronically stored information, affidavits, and declarations. FED. R. CIV. P. 56(c)(1)(A).

**I.    FACTS[2]**

This case arises from Plaintiff's failed attempt to visit her husband who was incarcerated at the Federal Correctional Institutional in Talladega, Alabama. (Doc. 1-1 at 1). On May 27, 2010, Plaintiff began preparation for a Memorial Day trip to visit her husband, James Lowe, at FCI Talladega. (Doc. 31 at ¶ 2).[3] At the time, Plaintiff lived in Mulberry, Florida. Prior to the visit, she called the prison to ensure that they were on the list and knew the policies and regulations of that specific prison. (Doc. 27-2 at 2). She and her family left for the visit on May 28, 2010, and stayed overnight at a hotel. (Doc. 31 at ¶ 3). On May 29, 2010, Plaintiff and her family arrived at FCI Talladega, but were not allowed to visit with James Lowe. (*Id.* at ¶ 4).

---

[2] The facts that follow are presented in the light most favorable to Plaintiff.

[3] Because Defendant did not file a reply, the factual allegations contained in Plaintiff's responsive brief are deemed admitted. (Appendix II to the Court's Uniform Initial Order, Doc. 21 at 18) ("All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.")

Plaintiff was not given a reason for the denial of visitation. (*Id*. at ¶ 5).

The evening of May 28, 2010, James Lowe was placed in administrative detention in the special housing unit ("SHU") pending an investigation into his possible involvement in a fight. (*Id.* at 10-11, 14-15). Prior to being placed in administrative detention, James Lowe informed the lieutenant that his family was coming for a visit the following morning. (*Id.* at 11). While James Lowe was told that he would be able to call his family that night (May 28, 2010), he was not allowed to do so. (*Id.* at 11, 15). James Lowe was released from the SHU on June 1, 2010. (*Id.*) The investigation revealed that he had been a witness to an altercation, but had not been involved. (*Id.* at 15).

In response to the failed visit, Plaintiff filed an administrative tort claim seeking compensation for the money spent to make the trip from Florida to Alabama. (Doc. 1-1 at 5). That claim was denied on December 23, 2010. (Doc. 27-3 at 2-3). On June 17, 2011, Plaintiff filed suit in the Small Claims Court of Talladega County seeking compensation in the amount of $1,757.70 for expenses related to her failed attempt to visit her husband. (Doc. 1-1 at 1). The case was removed to this court on August 1, 2011. On February 23, 2012, Plaintiff filed an Amended Complaint seeking to be compensated for damages that were incurred when she was denied visitation with her husband in violation of policies and regulations governing visitation.[4] (Doc. 18 at 4).

---

[4] Specifically, Plaintiff seeks $1,757.70 in compensatory damages and $23,242.30 in punitive damages. At the outset, the court notes that under the FTCA, the United States is not liable for punitive damages. 28 U.S.C § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, *but shall not be liable for interest prior to judgment or for punitive damages*.")(emphasis added).

### III.    DISCUSSION

####    A.    Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)).  For purposes of a claim brought under the FTCA, the "law of place" means "the law of the state" in which the alleged tort occurred.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means the law of the State -- the source of substantive liability under the FTCA.").

To be sure, Congress's chief intent in drafting the FTCA was not "to create new causes of action" but "simply to provide redress for ordinary torts recognized by state law." *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991).  It was not "intended as a means to enforce federal statutory duties." *Id*.  Indeed, "even where specific behavior of federal employees is required by statute, liability to the beneficiaries of that statute may not be founded on the Federal Tort Claims Act if state law recognizes no comparable private liability." *Sellfors v. United States*, 697 F.2d 1362, 1367 (11th Cir. 1983) (internal citation and quotation omitted).  Thus, in this case, liability is not automatically established by the fact that the guards at FCI Talladega allegedly denied Plaintiff visitation in violation of policies and regulations.  Rather, The United States can only be found liable if a comparable private party would likewise be liable under the law of the place where the act or omission occurred.  Here, because the alleged tort occurred in Alabama, the substantive laws of the State of Alabama apply.

In her Amended Complaint, Plaintiff simply fails to allege any grounds for relief under Alabama law.  (Amended Complaint, Doc. 18); *See Carter v. Federal Bureau of Prisons*, 579 F. Supp. 2d 798, 804 (W.D. Texas 2008) ("Because Plaintiff fails to rely on any Texas grounds for relief under the FTCA, she has failed to sufficiently state a claim upon which relief may be granted.").  Rather, the basis for the relief she seeks is Defendant's failure to follow policies and regulations, which, as established above, does not entitle Plaintiff to relief under the FTCA. (Doc. 18 at 2-3).

In her Response to Defendant's Motion for Summary Judgment, Plaintiff now seemingly couches her claim as one for negligence.  (Doc. 31 at 3-4).  It is well settled that Alabama law requires that a plaintiff seeking to establish a right to recover for negligence must offer proof of the following elements: a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately caused by the breach.  *Quillen v. Quillen*, 388 So. 2d 985, 988 (Ala. 1980).  Clearly, a defendant will not be liable to an injured plaintiff unless the defendant owed a duty to the plaintiff and breached it in a way that caused the plaintiff's injury.  "If there is no duty, there is no cause of action." *Alabama Power Co. v. Laney*, 428 So. 2d 21, 22 (Ala. 1983).

Thus, the question is whether the United States, if a private person or entity, owed a duty to Plaintiff to allow her to visit with her husband under the particular circumstances here. Plaintiff has not provided any support for the existence of such a duty under Alabama law.  To the extent Plaintiff relies on the doctrine of *res ipsa loquitur*, that reliance is misplaced.  The doctrine of *res ipsa loquitur* does not eliminate the requirement that a defendant must owe a duty to a plaintiff before he can be found negligent for his actions.  *Cf.*, *Edwards v. Intergraph Servs. Co., Inc.*, 4 So. 3d 495, 503 (Ala. Civ. App. 2008) (noting that the principle of *res ipsa loquitur*

does not apply to premises-liability claims because "[a] premises owner ... owes no duty to protect invitees from all conceivable dangers they might face while on the premises"). Because Plaintiff has not shown any basis for liability under Alabama law, her FTCA claim is due to be dismissed.

### B. Administrative Procedures Act

In addition to bringing a claim pursuant to the FTCA, Plaintiff also seeks "judicial review pursuant to the Administrative Procedures Act." (Doc. 18 at 3-4). As an initial matter, the Administrative Procedures Act only waives sovereign immunity for claims "seeking relief *other than money damages.*" 5 U.S.C. § 702 (emphasis added); *Warner v. Cox*, 487 F.2d 1301, 1304-05 (5th Cir. 1974)[5]. Because Plaintiff only seeks money damages, the Administrative Procedures Act does not waive sovereign immunity for her claim. Further, "[t]he Tort Claims Act is the exclusive remedy for claims sounding in tort, [14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d] § 3658, and the APA confers no jurisdiction on this court to grant relief where another statute expressly or impliedly forbids the relief which is sought, as does the FTCA in this case. 28 U.S.C. § 2679." *United States v. Olin Corp.*, 606 F. Supp. 1301, 1312 (N.D. Ala. 1985). Accordingly, Plaintiff's claim under the Administrative Procedures Act is due to be dismissed.

### IV. CONCLUSION

In accordance with the foregoing, Defendant's Motion to Dismiss for Failure to State a Claim or in the Alternative for Summary Judgment (doc. 27) is due to be granted and Plaintiff's

---

[5] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

claims are due to be dismissed with prejudice.  An order consistent with this Memorandum Opinion will be entered.

      **DONE**, this 17th day of June, 2014.

                                          */s/ John E. Ott*
                                          **JOHN E. OTT**
                                          United States Magistrate Judge